IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Kiss Trebbles,** | Case No. 1:21cv757 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **State of Ohio, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Kiss Trebbles ("Plaintiff") filed a civil rights complaint in this matter against the State of Ohio, Enterprise Rental Cars ("Enterprise"), and the Ashtabula County Probate/Juvenile Court alleging violations of her civil rights. (Doc. No.1). In her request for relief, Plaintiff seeks "refund, pay, search look for 2 year old child bring home safely to mom." (*Id.* at 5). Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. 2), which is granted in part.

For the following reasons, this action is dismissed.

## I. Background

Plaintiff filed this civil rights action in the United States District Court for the Western District of New York on November 23, 2020. (Doc. No. 1). This case was transferred to the Northern District of Ohio on April 7, 2021. (Doc. No. 4).

Plaintiff's Complaint is disjointed and unclear, containing incoherent short phrases and strings of words. As best the Court can discern, however, it appears that Plaintiff claims her civil rights were violated when an Ohio state highway patrol officer unlawfully detained her and her child, claiming that the vehicle in which they were traveling had been stolen. (*See* Doc. 1 at 3-4). She asserts the basis of jurisdiction in this Court as "home invasion law Constitution vehicle,

kidnapping." (*Id.* at 1). The Complaint consists of two claims for relief. In Plaintiff's first claim, Plaintiff states that "Webb, highway patrol refused for me to leave," Plaintiff "went to a maximum security prison camp," and Plaintiff's child "was taken [to] some other place (unknown)." (*Id.* at 3-4). In her second claim, Plaintiff states that Enterprise Rental Cars "stalk, participated, instigated, home invasion, bully for money," and she requested the Court "bring 2 year old home safely (if not returned home yet) refund, pay." (*Id.* at 4).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972. The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she

must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing Sistrunk, 99 F.3d at 197). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Although Plaintiff generically alleges a "civil rights claim," this Court liberally construes Plaintiff's claim as a cause of action under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). To hold an individual defendant liable under § 1983, a plaintiff must allege "personal involvement" in the alleged unconstitutional conduct. *See Grinter*, 532 F.3d at 575 (personal involvement is required in order to incur liability under § 1983). It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).

As an initial matter, the Court notes that the Ashtabula County Probate/Juvenile Court is not *sui juris* and therefore cannot be sued. Capacity to sue or be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b)(3). Under Ohio law, "[a]bsent express

statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga Cty.*, Oh., 45 Ohio St. 2d 245, 344 N.E.2d 126, 128 (Ohio 1976). Plaintiff therefore fails to state a plausible claim against the Ashtabula County Probate/Juvenile Court.

Moreover, the Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Under the Eleventh Amendment, federal courts lack jurisdiction to hear suits by private citizens against a state unless the state explicitly consents to the suit or unless Congress, pursuant to a valid exercise of power, abrogates the States' sovereign immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S. Ct. 1868, 109 L. Ed. 2d 264 (1990). Ohio has not waived its sovereign immunity. *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012). The State of Ohio is therefore absolutely immune from suits for damages.

Additionally, Plaintiff cannot maintain an action against Enterprise under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt*, 451 U.S. at 535. Generally, to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Enterprise is a private party, and Plaintiff does not allege that it acted under color of state law. Nor can the Court infer from the very few facts alleged that Enterprise's actions were clothed with the authority of state law. Plaintiff therefore fails to state a claim against Enterprise Rental Cars upon which relief may be granted.

Even if the defendants were proper parties and Plaintiff could get beyond Eleventh Amendment immunity with respect to her allegations against the State of Ohio, Plaintiff's complaint must be dismissed as it asserts no decipherable legal claim or coherent request for relief, and it provides little to no factual basis for any purported claims. Nor does the complaint include specific factual allegations connecting the defendants to the alleged misconduct. In order to state a plausible claim for relief, Plaintiff must offer more than a "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Here, the only individual identified as allegedly having engaged in any misconduct is an Ohio state highway patrol officer, "Webb," who is not a named defendant in the action. And it is well-established that in a § 1983 action, liability cannot be based on a theory of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Methena v. Ohio*, No. 1:21-cv-326, 2021 U.S. Dist. LEXIS 108512, at *4 (N.D. Ohio June 10, 2021). The State of Ohio is therefore not liable for Webb's alleged wrongdoing.

Lastly, to the extent Plaintiff accuses Defendants of kidnapping her child (Doc. No. 1 at 1, 4), her claim fails. These allegations of criminal conduct do not support a cognizable private right

of action. *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Plaintiff's purported allegations that Defendants committed a crime fail to state a plausible claim for relief and are dismissed.

## IV. Conclusion

Accordingly, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted in part and denied in part: To the extent Plaintiff seeks to proceed without the prepayment of fees, her motion is granted. To the extent this motion can also be construed as a motion to appoint counsel, the motion is denied.[1]

The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 8/11/2021

  s/ Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] Within Trebbles's motion to proceed *in forma pauperis*, Trebbles includes a one-line statement "Will need a[n] Attorney."